Dear Parish President Coulon:
You have requested an opinion of this office on several questions relating to the recent amendment of LSA R.S. 38:2212(C)(2). Act 524 (Senate Bill 42) of the 2003 Regular Session of the Louisiana Legislature amended LSA R.S. 38:2212(C)(2) to add 2212(C)(2)(a) which reads as follows:
 If a public entity issues or causes to be issued any addendum modifying plans and specifications within a period of seven days prior to the advertised time, or the time extended as provided for in this Section, for the opening of bids, excluding Saturdays, Sundays, and any other legal holidays, then the public entity shall transmit a copy of the addendum to all prime bidders who have requested bid documents pursuant to Subparagraph (A)(1)(e) by either one of the following methods: (1) facsimile transmission; (2) e-mail; or (3) hand-delivery. This transmission shall be completed within twenty-four hours of the issuance of the addendum. In addition to the transmission required in this Paragraph, a copy of the addendum shall be sent by regular mail to all prime bidders who have requested bid documents pursuant to Paragraph (A)(1)(e) of this Section.
Specifically, you ask the following questions:
Q. What is the definition of a "prime bidder"?
 A. Although the statute does not provide a definition of "prime bidder" the term is customarily known to refer to a licensed contractor who is qualified to perform the work required for the job for which a bid may be submitted. A prime bidder is usually a general contractor, but does not necessarily have to be.
 Q. What is the extent of the Parish's responsibility for obtaining the correct facsimile phone number, e-mail address or physical address of every "prime" bidder that picks up a copy of the bid documents?
 A. The new statute makes the Parish responsible for obtaining the current facsimile phone number, e-mail address, and/or physical address from all prime bidders who pick up bid documents. Our office recommends that this information be obtained at the time that the bid documents are requested by the prime bidder. The Parish could also require each prime bidder designate the preferred method of contact should an addendum be issued.
 Q. If a contractor does not have a facsimile machine or e-mail who is responsible for hand delivery? i.e. Can the public entity telephone the prime bidder and require him to come and receive the addendum by hand delivery? What if the prime bidder comes to pick-up the addendum later than 24 hours of issuance of the addendum? What if the prime bidder's address is a post office box? Who bears the expense if the prime bidder is many miles from the public entity? (Prime bidders might be hundreds of miles away, in another state, or etc.)
 A. The Parish is responsible for transmitting the addendum. If either the facsimile or the e-mail option is unavailable, it is the responsibility of the Parish to hand deliver the addendum to the prime bidder's physical location, at the Parish's expense. The Parish may not require the prime bidder pick up the addendum as evidence of compliance with this provision. A prime bidder who picks up an addendum issued within seven days of bid opening but more than 24 hours after issuance would not satisfy the requirements of this provision. The Parish is responsible for all costs and expenses incurred in compliance with this provision.
 Q. There is currently no way to facsimile or e-mail large blue prints or plan sheets that are changed by addendum. If there were such a computer program that permitted this, what is the extent of the Parish's responsibility for determining that every prime bidder has the proper computer program and system to open the file and then print it?
 A. The statute gives only three options for transmitting the addendum to the prime bidders; facsimile, e-mail or hand delivery. If transmission of blue prints or plan sheets is required and the use of facsimile and e-mail would make such transmission impossible, there is always the option to hand deliver the addendum. The use of a computer program to transmit the addendum is not an option permitted by the statute. If the Parish does not wish to incur the expense associated with the required issuance of the addendum then the Parish always has the choice to extend the bid opening to allow for issuance of the addendum by regular mail or the Parish can cancel the bid altogether.
 Q. If the addendum is faxed of e-mailed to some prime bidders but has to be hand delivered to others the prime bidders receiving the addendum via fax or e-mail will probably get the addendum sooner than the prime bidder that have it hand delivered.
 A. The requirement is that all transmissions, regardless of method selected, take place within twenty-four hours of the addendum being issued and that a copy of the addendum also be sent by regular mail to all prime bidders who requested bid documents. As long as the addendum has been transmitted by one of the specified methods to all prime bidders within the twenty-four hour period and sent regular mail thereafter, the Parish would be in compliance.
 Q. What happens if a prime bidder's computer or facsimile machine is down on the day the addendum is e-mailed? Or if the addendum is e-mailed and the prime bidder's computer is down and the prime bidder argues that the addendum should have been faxed or hand delivered to him?
 A. The Parish is only required to transmit the addendum; it cannot be required to ensure that the prime bidder's equipment is working at the time of transmission. There is still the requirement to place the addendum in the mail, and as a result thereof, the prime bidder should receive the addendum regardless. If the prime bidder's delay in getting the addendum is due to a failure of his equipment, the Parish cannot be held responsible.
 Q. Does this provision apply to only public works or does it apply to both public works and the purchase of supplies and materials?
 A. This provision applies to both public works, and the purchase of supplies and materials.
We trust this sufficiently answers your inquiry. Should you need additional information please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ RICHARD L. MCGIMSEY Assistant Attorney General
RPI/RLM/JNP/dam